Cheves, J.
delivered the opinion of the Court.
1. The first ground on which this motion is made, it is said, and I believe truly, has never been solemnly argued or determined in this state; and the counsel for the plaintiff has candidly admitted that the impressions of his own mind are against the ground, though he has submitted it from a sense of duty to his client, and from a desire to have the question -solemnly decided.
*164 The rule of law that a defendant shall not be allowed to defend himself by alleging that he was non compos mentis when he entered into p contract, or did an act by which it is insisted he shall be bound, if we understand it rightly, must be considered, viewing,it in the most favourable light, as a relic of barbarism. Even the early institutions of society furnish .very little so utterly indefensible as this rule, for which I think we will in vain seek for a parallel in the common law. In this great system, though we meet not unfrequently with rules and principles, the reason of which has ceased, or which may have been originally founded on the errors of the times, it is perhaps only in this solitary instance that we meet with an absurdity so purely gratuitous. It is said in one authority, “ That the rule was to be understood of pets done by the lunatic to the prejudice of others, that he should not be permitted to excuse himself on pretence of lunacy, but not as to acts done by him to the prejudice of himself.” Ridler v. Ridler, 1 Eq. Ca. Ab. 762. And it would be gratifying to believe that this rule was only intended to prevent a fraudulent pretence of lunacy: but the authorities are so uniform and so unequivocal on the point, that we cannot doubt that it was, in the full extent in which it is laid down by the early writers, adopted as part of the common law. (Co. Litt. 246 B. Co. Rep. Beverley's case, part 4, 124. 1 Fonb. Eq. 46. Powell on Cont. 14. Sugden on Vendors.) And though there appear to have been cases in *165 which different determinations have.been made, they do not seem to have been of such a character as to have affected the rule; and therefore we are to consider it as well established in the Common Law, and to determine broadly and generally whether we are bound by it. Although we have, by an act of Assembly, adopted the Common Law generally, there are instances in which it has grown obsolete with us, because it has not been used, though it may be recognized by. the English tribunals as yet having an active existence in England; But a j ust veneration for their own institutions will preserve to them a certain freshness long after they have passed into “ the sere and yellow leaf” with us. The act of Assembly, as it has been practically construed, contained rather a privilege than a command to adopt the Common Law, except in its great and leading principles, and we in effect have, only adopted it where we thought it reasonable and just; at least we have not felt it.jnec.essary to adopt it where it was clearly unreasonable, absurd, or unjust. If this be the spirit in which we are to view the rule under consideration, we shall not he much embarrassed with it; and we may declare, that though it be the law of England, it is no part of our law. This is the unani-r mous and clear opinion of the Court.
Though sí verdict may be a» gainst the weight of evidence, yet the Jury being the legal and the fittest judges of it, the preponderance must be very clear to authorize a new trial.
2. The weight of evidence in this case may have been against the verdict, but it does not so strike the Court, as they are enabled to view it, *166 and if it was presented in any better light on the trial, the Jury who tried the cause had the benefit of it, and were at once the legal and the fittest judges of it. The cases are so frequent in which Juries, using their privilege, and enjoying lights peculiar to themselves, will find it their duty to decide against what may appear to be the weight of evidence, that were the Court to grant new trials in such cases, it would establish a kind of double trial. The verdict ought to be very clearly against the weight of evidence to authorize a new trial, and we do not think it is so in this case. The uncontroverted facts of the case show that the defendant was in a situation in which it was improper to ask or accept any in-; strument in the course of business which was to bind her rights; and the Court is unwilling to say it is dissatisfied with a verdict which has refused effect to an obligation taken under such circumstances.
3. The advertisement which was admitted in evidence, was a declaration of the defendant, forming no part of any admissions or declarations given in evidence by the plaintiff, and therefore was inadmissible testimony. It is highly probable that it did not weigh a feather in the scale with the J ury, but the Court is not at liberty to judge of the degree of influence that inadmissible testimony may have had on the Jury. The rule is, that no testimony shall be submitted to them which is inadmissible according to the- *167 rules-of evidence. It is enough that, it may possibly have had influence, that something favourable, tó the defence may have been inferred from it. If does not follow, that in a casé where the testimony admitted is absolutely immaterial, where no inference bearing on the issue cáñ be drawn from it, that a new trial shall be granted. The case, I think, is happily illustrated by the doctrine in the case of a demurrer to evidence. By a dembírér to evidence, the testimony iis withdrawn from ‘the Jury, and submitted todhe*Court. But this is'not*! offered, unless the facts Stated be admitted to be true, and all fair inferences from them granted. A Court, in refusing"to senda case back for another trial, where inadmissible testimony has been received, can only do it on the principle that, admitting the facts which it contained were true, th,e Jury could have fairly drawn no inference from them material to the issue. One fact stated in the advertisement, received in evidence, was that the note was illegally obtained. A necessary inference from that fact was the invalidity of the note, which was the very point in issue. On this ground, therefore, and this alone, I am of opinion a new trial ought to be granted, and that is the unanimous opinion of the Court.
K. L. Simons, for the motion.
Kennedy and Lance, contra.
Colcock, J. was absent in the District Court during the argument of this case, and gave no opinion.